IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUZZBALLZ, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-588-L** |
| | § | |
| JEM BEVERAGE COMPANY, L.L.C. | § | |
| f/k/a JEM BEVERAGE COMPANY, INC.; | § | |
| CARLOS G. GUILLEM; AND | § | |
| ADAM M. PURCELL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants Jem Beverage Company, LLC's and Carlos G. Guillem's Motions to Dismiss, for More Definite Statement, and to Strike, and Motion to Stay Proceedings ("Motion") (Doc. 18), filed March 27, 2015. Defendants Jem Beverage Company, LLC ("Jem") and Carlos G. Guillem ("Guillem") (collectively, "Defendants") seek dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(e), and 12(f). Defendants contend that the court should not exercise supplemental jurisdiction over Plaintiff's state law claims because there is an insufficient causal relationship between Plaintiff's trademark infringement claim against Jem and its state law claims. Alternatively, Defendants request that Plaintiff be required to replead his state claims for breach of a nondisclosure agreement, breach of fiduciary duty, and misappropriation of trade secrets under Rule 12(e) because Plaintiff does not set forth the specific proprietary information that Guillem and Adam M. Purcell ("Purcell") allegedly gave to Jem. Additionally, Defendants contend that Plaintiff's allegations that Guillem was an employee of Plaintiff should be stricken under Rule 12(f)

because, according to the evidence submitted by Defendants, Guillem was an independent contractor, not an employee. To avoid duplication of discovery efforts, Defendants also request that the court stay Plaintiff's trademark infringement claims in this case until early 2016 "pending resolution of directly related trademark opposition proceedings currently pending before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office," which are set for final hearing in early 2016. Plaintiff opposes Defendants' Motion.

According to Plaintiff's pleadings, Jem infringed Plaintiff's trademark using proprietary information that it obtained illegally from Codefendants Guillem and Purcell. The court, therefore, concludes that there is a sufficient factual nexus between Plaintiff's federal and state claims to support the exercise of supplemental jurisdiction over Plaintiff's state law claims at this time. Regarding Defendants' Rule 12(e) motion, the court determines that Plaintiff's pleadings are not so vague or ambiguous that Defendants cannot reasonably prepare a response, and specific information as to what Guillem and Purcell gave to Jem can be obtained through normal discovery. Regarding Defendants' Rule 12(f) motion, the issue of whether Guillem was an employee of Plaintiff, as alleged in Plaintiff's Complaint, is better suited for a motion summary judgment or at trial where competent evidence outside the pleadings may be considered by the court. Finally, based on the arguments of the parties, the court determines that Defendants will not suffer legal prejudice if their request to stay this case is denied. Accordingly, after considering the Motion, response, reply, surreply, pleadings, and applicable law, the court **denies** Defendants Jem Beverage Company, LLC's and Carlos G. Guillem's Motions to Dismiss, for More Definite Statement, and to Strike, and Motion to Stay Proceedings (Doc. 18) for the reasons herein stated.

**It is so ordered** this 26th day of January, 2016.

_____
Sam A. Lindsay
United States District Judge